IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Shawn Fishburne, #246165, )
) C/A No. 0:08-3366-HFF-PJG
          Petitioner, )
)
vs. ) **REPORT AND RECOMMENDATION**
)
State of South Carolina; Henry McMaster, )
Attorney General; Warden of Kershaw )
Correctional Institution, )
)
          Respondents. )
_____)

The petitioner, Shawn Fishburne ("Fishburne"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment.[1] (Docket Entry 32.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 34.) Following two extensions of time, Fishburne filed a response in opposition to the respondents' motion. (Docket Entry 50.) The motion is now before the court for a Report and Recommendation.

## BACKGROUND

Fishburne was indicted in December 1996 in Richland County for murder (96-GS-40-16458) and armed robbery (96-GS-40-16457). (App. at 73-74, 80-81; Docket Entry 33-1 at 75-76, 82-83.) Fishburne was represented by Jeffrey P. Bloom, Esquire, Assistant Public Defender, and on December 17, 1997, pled guilty as charged. (App. at 8-9; Docket Entry 33-1 at 10-11.) The circuit

---

[1] The court notes that a prisoner's custodian is the only proper respondent in a habeas action. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Therefore, as the warden is the only proper party in a habeas action, the other respondents should be dismissed from this action.

court sentenced Fishburne to thirty years' imprisonment for murder and thirty years' imprisonment for armed robbery, both sentences to be served concurrently.² (App. at 9-10; Docket Entry 33-1 at 11-12.) Fishburne did not file a direct appeal.

On September 23, 1998, Fishburne filed a *pro se* application for post-conviction relief ("1998 PCR Action"). (See Fishburne v. State of South Carolina, 98-CP-40-3535; App. at 29-34; Docket Entry 33-1 at 31-36.) The State filed a return. (App. at 43-47; Docket Entry 33-1 at 45-49.) On March 24, 1999, the PCR court held an evidentiary hearing at which Fishburne appeared and was represented by Tara Dawn Shurling, Esquire. (See App. at 35; Docket Entry 33-1 at 37.) At the outset of the hearing, Fishburne requested to remove his case from the docket pursuant to Rule 40(j) of the South Carolina Rules of Civil Procedure.³ This dismissal was accomplished by order dated March 24, 1999. (Id.) Fishburne moved to restore his PCR application on March 15, 2000. On January 22, 2002, the PCR court held an evidentiary hearing at which Fishburne appeared and testified and continued to be represented by Shurling. (App. at 48-68; Docket Entry 33-1 at 50-70.) By order dated June 6, 2002, the PCR judge dismissed Fishburne's PCR application on the ground that the relief sought by Fishburne was unavailable in a PCR action and "remanded" the matter to

---

²As part of Fishburne's negotiated plea, the State agreed to dismiss a burglary charge. (App. at 10, Docket Entry 33-1 at 12.)

³In 1999, Rule 40(j) provided, as it currently does, in pertinent part:

A party may strike its complaint . . . from any docket one time as a matter of right, provided that all parties adverse to that claim . . . agree in writing that it may be stricken, and all further agree that if the claim is restored upon motion made within 1 year of the date stricken, the statute of limitations shall be tolled as to all consenting parties during the time the case is stricken, and any unexpired portion of the statute of limitations on the date the case was stricken shall remain and begin to run on the date the claim is restored.

*PJG*

the South Carolina Department of Corrections ("SCDC") for further proceedings consistent with Al-Shabazz v. State.[4] (App. at 69-72; Docket Entry 33-1 at 71-74.)

Fishburne filed a notice of appeal and was represented by Aileen P. Clare, Esquire, Assistant Appellate Defender. On September 16, 2002, counsel for Fishburne filed a motion for remand, requesting that Fishburne's case be remanded to SCDC. (Docket Entry 33-2.) The State filed a letter in response. (Docket Entry 33-3.) The South Carolina Supreme Court dismissed Fishburne's appeal in an order dated October 9, 2002, and denied his motion to remand without prejudice to pursue his claim before SCDC under Al-Shabazz. (Docket Entry 33-4.) The remittitur was issued October 28, 2002. (Docket Entry 33-5.)

Fishburne filed a second PCR application captioned "Application for Post-Conviction Relief/Alternative Petition for State Habeas Corpus" on April 20, 2007 ("2007 PCR Action"). (See Fishburne v. State of South Carolina, 07-CP-40-2459, Docket Entry 33-6.) The State filed a return and motion to dismiss on July 3, 2007. (Docket Entry 33-7.) On July 11, 2007, the court issued a conditional order of dismissal in which it dismissed Fishburne's second PCR application as successive and untimely. (Docket Entry 33-8.) Additionally, the court stated that it did not construe the filing as a petition for a writ of habeas corpus, but even if it had, it would be summarily dismissed. (Id. at 4.) Fishburne responded to the conditional order on July 26, 2007. (Docket Entry 33-9 at 3-8.) A final order of dismissal was issued on September 14, 2007. (Id. at 1-2.)

Fishburne filed a notice of appeal and provided a written explanation as to why the lower court determination was improper, as required by Rule 227(c) of the South Carolina Appellate Court

---

[4] Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (2000) (holding that claims other than challenges to the validity of a conviction or sentence are not cognizable under the PCR Act, S.C. Code Ann. §§ 17-27-10 et seq., and should be addressed administratively through the SCDC grievance process and through the South Carolina Administrative Procedures Act (APA), S.C. Code §§ 1-23-10 through -160; -310 through -400; -500 through -600).

Rules. (Docket Entries 33-10 & 33-11.) On November 7, 2007, the South Carolina Supreme Court dismissed the PCR portion of Fishburne's appeal and transferred the appeal of the denial of habeas corpus relief to the South Carolina Court of Appeals. (Docket Entry 33-12.) The remittitur for the PCR portion of the appeal was issued on November 26, 2007.[5] (Docket Entry 33-13.)

## FEDERAL HABEAS ISSUES

Fishburne filed the instant Petition for a writ of habeas corpus on October 1, 2008. (Docket Entry 1.) In his Petition, Fishburne raises the following issues:

**Ground One:** Subject Matter Jurisdiction–breach of plea by State;

**Ground Two:** Involuntary Plea–Mental Competency Issue;

**Ground Three:** Plea was accepted in violation of Boykin v. Alabama;

**Ground Four:** Conditional Plea–Conditional Pleas are invalid in South Carolina.

(Pet., Id. at 5-10.)

## DISCUSSION

**A.  Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

---

[5]As of the filing date of the respondents' return and motion for summary judgment, April 21, 2009, it appears that the appeal of the denial of habeas corpus relief was still pending with the South Carolina Court of Appeals. (See Respts.' Mem. in Supp. of Mot. Summ. J., Docket Entry 33 at 4.)

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ

simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**C.    Statute of Limitations**

The respondents argue that Fishburne's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Fishburne's conviction became final ten days after December 17, 1997, the date of his sentencing, as this was the last date on which he could serve a notice of appeal to the South Carolina appellate courts. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed.") Thus, his conviction became final on December 29, 1997.[6] Accordingly, the limitations period began to run on December 30, 1997 and expired on December 30, 1998,[7] unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39

---

[6]December 27, 1997 was a Saturday; therefore, Fishburne had until the following Monday, December 29, 1997, to file his direct appeal. See Rule 234(a), SCACR.

[7]December 29, 1998 was a Sunday; therefore, Fishburne had until the following Monday, December 30, 1998 to file his federal habeas petition. See Fed. R. Civ. P. 6(a)(3); see also Rules Governing § 2254 Cases, Rule 11, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

[(4th Cir. 2000)](#) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Fishburne filed his first state PCR application on September 23, 1998. At that point, 268 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the 1998 PCR Action until October 28, 2002, when the South Carolina Supreme Court issued the remittitur from its order dismissing Fishburne's notice of appeal.[8] At this time, Fishburne had 97 days of statutory time remaining, which means that Fishburne had until February 3, 2003[9] to file a timely federal habeas corpus petition.

Although Fishburne filed a second PCR application on April 20, 2007, this application was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). Moreover, even if it had been filed before the expiration of the deadline, it would not toll the statute of limitations because the PCR court dismissed it as successive and time barred. See [Pace v. DiGuglielmo, 544 U.S. 408 (2005)](#) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling).

---

[8]This Petition raises the interesting question of whether the time that elapses during the period of a Rule 40(j) dismissal of a PCR action should also be tolled pursuant to federal law. See [28 U.S.C. § 2244(d)(2)](#) (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending*" is not counted for purposes of determining the § 2244 deadline) (emphasis added). The court need not resolve this question, however, since even if the court tolls the time that elapsed between Fishburne's 40(j) dismissal and the restoration of his first PCR action to the docket, he is nonetheless untimely under § 2244. Notably, the Attorney General in this matter does not contest the tolling of the 40(j) dismissal period for purposes of calculating the § 2244 deadline. (Respts.' Mem. in Supp. of Mot. Summ. J., [Docket Entry 33](#) at 8-9.)

[9]February 2, 2003 was a Sunday; therefore, Fishburne had until the following Monday, February 3, 2003, to file his federal habeas petition. See Fed. R. Civ. P. 6(a)(3).

Fishburne's federal Petition was filed on October 1, 2008. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). As of the filing date of the federal Petition, over five and a half years (2,165 days) of non-tolled time had run from the dismissal of the 1998 PCR Action. Adding the 268 days that accrued between the date his conviction became final and the filing of the 1998 PCR application results in over six and a half years (2,433 days) of non-tolled time. Accordingly, Fishburne filed his federal habeas application over five and half years after the expiration of the one-year limitations period under § 2244(d)(1)(A).

**D.     Fishburne's Arguments**

   **1.     Timeliness**

In his response to the respondents' argument that his federal Petition was untimely filed, Fishburne argues that he is entitled to equitable tolling. (Docket Entry 50 at 3-4.) To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Fishburne must show that the one-year limitations period should be equitably tolled under applicable federal law. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (concluding that § 2244(d) is subject to the principles of equitable tolling). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise

time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

In support of his assertion that he is entitled to equitable tolling, Fishburne states that, in his first PCR appeal, "the PCR court technically granted him some relief in the form of a remand to the SCDC for disposition of the detainer issue . . ., which formed the basis of his claim that the State breached [the] plea agreement." (Docket Entry 50 at 4.) According to Fishburne, this issue was never resolved and, he argues, prevented him from filing his federal habeas petition because he was "lulled into inactivity by the PCR court consent order." (Id.) This argument does not constitute the type of extraordinary circumstances necessary for equitable tolling. See, e.g., Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original). This is particularly so in light of the fact that Fishburne appealed the order which he now contends "lulled [him] into inactivity" and that the South Carolina Supreme Court's October 9, 2002 order *denied* a remand to SCDC and specifically noted that such denial was "without prejudice to *pursue his claim before SCDC* under Al-Shabazz." (Docket Entry 33-4) (emphasis added).

**2. Other Issues**

Even if Fishburne's Petition were not time barred, his stated grounds for habeas relief are not properly before the court pursuant to 28 U.S.C. § 2254. Central to all of Fishburne's arguments is his complaint that SCDC maintains in its records a detainer relating to a pending criminal charge that

he contends should have been *nolle prossed* pursuant to the terms of his plea agreement.[10] (Docket Entry 1 & Docket Entry 50 at 3, 4-6.) During the PCR proceedings, the State introduced evidence that the disputed charge was in fact *nolle prossed* and the record before this court contains no evidence to the contrary. Accordingly, it appears that Fishburne's Petition turns on his assertion that a detainer for that dismissed charge remains in SCDC's records. The court observes that, despite the holding of the 1998 PCR court and the state Supreme Court, it does not appear that Fishburne has sought removal of the detainer in SCDC's records through the SCDC prison grievance process with appropriate administrative and appellate review pursuant to Al-Shabazz. Even if he had, however, the issue would not appear to be properly brought under 28 U.S.C. § 2254. The court expresses no opinion as to whether a subsequent federal petition filed under the appropriate statutory provision would be properly before the court.

## RECOMMENDATION

Based upon the foregoing, the court finds that Fishburne's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondents' motion for summary judgment (Docket Entry 32) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 9, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[10] To the extent that Fishburne attempts to raise issues other than the detainer, they would be procedurally barred for the reasons stated in the respondents' brief, in addition to being time barred. (Respts.' Mem. in Supp. of Mot. Summ. J., Docket Entry 33 at 11-12.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).